```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION
```

BRENDA PORTER and DANIEL
HARDISON,

                        Plaintiffs,    CIVIL CASE NO. 05-40113

v.

                                        HONORABLE PAUL V. GADOLA
DTE ENERGY,                             U.S. DISTRICT COURT

   Defendant/Third-Party Plaintiff

LOCAL 80, GAS WORKERS UNION,
SERVICE EMPLOYEES INT'L UNION,
AFL-CIO, and LOCAL 223, UTILITY
WORKERS UNION OF AMERICA, AFL-
CIO,

      Third-Party Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiffs filed their complaint in the Circuit Court for the County of Wayne, Michigan on December 13, 2004. The complaint alleges a violation of the Michigan Elliott Larsen Civil Rights Act, M.C.L. § 37.2101, et seq. Defendant DTE Energy timely removed the action to this Court on April 7, 2005, based on federal preemption pursuant to Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185(a).

On May 6, 2005, Plaintiffs filed a motion to remand this action to state court. The motion relied on the well-pleaded complaint rule as well as the assertion that Plaintiffs' claim

relies on a right created by state law and that the right does not require the interpretation of the collective bargaining agreement ("CBA"). DTE Energy responded to Plaintiffs' motion, stating that it does not oppose the motion to remand at this time. DTE Energy and Plaintiffs even prepared a stipulation to that effect. Nevertheless, Third-Party Defendant Local 223, Utility Workers Union of America filed a response opposing Plaintiffs' motion, stating that the action was properly removed because the matter cannot be decided without reference to the CBA.

In <u>DeCoe v. General Motors Corp.</u>, 32 F.3d 212, 216 (6th Cir. 1994), the Sixth Circuit laid out a "two-step approach to determining whether section 301 preemption applies."

> First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted.
> In order to make the first determination, the court is not bound by the "well-pleaded complaint" rule, but rather, looks to the essence of the plaintiff's claim, in order to determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort. If the plaintiff can prove all of the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement. Moreover, neither a tangential relationship to the CBA, nor the defendant's assertion of the contract as an affirmative defense will turn an otherwise independent claim into a claim dependent on the labor contract.

Id. (citations omitted).

While Plaintiffs' claim relies on a right created by state law, viz. The Elliott Larsen Civil Rights Act, the claim will require interpretation of the CBA.  Plaintiffs's complaint asserts that DTE Energy discriminated against Plaintiffs on the basis of race by classifying them in job classification with the lowest pay and by imposing on them additional conditions for advancement. Plaintiffs argue that the CBA need not be interpreted because all that is needed to prove racial discrimination is to establish that Plaintiffs are members of a protected class and that they were treated differently than similarly situated individuals.  See Clark v. Uniroyal Corp., 119 Mich App. 820 (1979).  Yet, a determination of whether Plaintiffs were treated differently then similarly situated individuals requires a determination of whether the CBA, and specifically the job classifications within the CBA, treat Plaintiffs differently.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' motion to remand [docket entry 7] is **DENIED**.

**SO ORDERED.**

Dated:   July 26, 2005              s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 26, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
      Adam S. Forman; Jeanne E. Mirer; Ellen F. Moss; Beth M. Rivers      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                   .


                                                            s/Ruth A. Brissaud
                                                            Ruth A. Brissaud, Case Manager
                                                            (810) 341-7845